UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20391-CIV-HOEVELER

MARY BIDDLE, as the Personal
Representative of the Estate of JOHN BIDDLE,

    Plaintiff,

v.

PRISON HEALTH SERVICES, INC.,
THE STATE OF FLORIDA DEPARTMENT OF CORRECTIONS,
LT. J.J. COLLIS, Officer, Florida Dept. of Corrections,
SGT. BERTHONY LORFILLS, Officer, Florida Dept. of Corrections,
JOHN DOE, Officer, Florida Dept. of Corrections,
LESLIE MCPHERSON, Health Services Administrator,
NANCY MOJICA, Consult Coordinator,
ROGER A. BROWNE, M.D., Chief Medical Officer,
CARL BALMIR, M.D.,
SUSAN CORDOSO, Physician's Assistant,
JEANETTE JARRETT, R.N.,
CARRIE ADAMS, R.N.,
DEBRA STEWART, L.P.N.,

    Defendants.

_____/

## ORDER GRANTING, IN PART, MOTIONS TO DISMISS AND DENYING MOTION TO COMPEL DISCOVERY

This Cause comes before the Court on the motions to dismiss and Plaintiff's motion to compel discovery.

## BACKGROUND

Plaintiff represents the estate of her spouse, John Biddle, who died while in custody at Everglades Correction Institution on Nov. 5, 2006, from a "Brain

Inflammation due to Right Otic Infection." Amended Complaint, ¶¶ 41 - 42. Plaintiff alleges that the death was avoidable if John Biddle had received the medical care he repeatedly had requested. This case was removed from state court on Feb. 13, 2009, and an Amended Complaint was filed on June 15, 2009. The Complaint alleges:

* negligence resulting in wrongful death, against the Florida Department of Corrections, Lt. Collis, Sgt. Lorfils, and Officer Doe (Count I)

* negligence resulting in pain and suffering, against the Florida Department of Corrections, Lt. Collis, Sgt. Lorfils, and Officer Doe (Count II)

* negligence resulting in wrongful death, against the Florida Dept. of Corrections and Prison Health Services, Inc. (Count III)

* 42 U.S.C. § 1983 claim against Lt. Collis, Sgt. Lorfils, and Officer Doe (Count IV)

* 42 U.S.C. § 1983 claim against Individual Medical Defendants (Mojica, McPherson, Browne, Balmir, Cordoso, Jarrett, Adams, and Stewart) (Count V)

* 42 U.S.C. § 1983 claim against Prison Health Services, Inc. (Count VI)

## MOTIONS TO DISMISS

All Defendants have moved to dismiss the Amended Complaint. The Court first will address the arguments for dismissal of Count III as to the Florida Department of Corrections, then will review the allegations against Prison Health Services, Inc., in Counts III and VI, and will conclude with analysis of the other arguments for dismissal.

The Florida Department of Corrections and other defendants filed a motion to dismiss (Docket No. 33) arguing, in part, that the allegations against the Department in Counts I and III are redundant. As both Counts allege a negligence claim for wrongful death against the Department, the Court agrees with Defendant's request for dismissal of Count III as redundant as to the Department.

Defendant Prison Health Services, Inc. (PHS), seeks dismissal (Docket No. 33) as it is an agent of the Department, contracted to provide medical care to inmates, and therefore has sovereign immunity as to the claim of negligence in Count III. Defendant PHS has provided a copy of the contract with the Department for review, but a review of the contract is not necessary at this time.[1] According to Fla. Stat. § 768.28(10)(a), health care providers "that have contractually agreed to act as agents of the Department of Corrections ... shall be considered agents of the State of Florida ... while acting within the scope of and pursuant to guidelines established in said contract or by rule. The contracts shall provide for the indemnification of the state by the agent for any liabilities incurred ...." Plaintiff does not dispute that PHS was a contracting agent, indeed Plaintiff's Amended Complaint alleges that PHS was "a comprehensive health care provider that contracted with the State of Florida to provide comprehensive medical services ...." Am. Compl., ¶9. As Plaintiff has not alleged specifically that PHS acted outside the scope and guidelines of its contract with the State of Florida (the Dept. of Corrections), the Court GRANTS the motion to dismiss Count III as to PHS, without prejudice.

PHS also seeks dismissal of the claims in Count VI (42 U.S.C. § 1983), arguing that Plaintiff has failed to allege a widespread practice or official policy and, thus, has not established a claim for violation of civil rights. The Court agrees, and GRANTS the motion to dismiss Count VI, without prejudice.

Defendants Nancy Mojica (Consult Coordinator), Roger A. Browne, M.D. (Chief

---

[1] The Court has not converted the motion to dismiss to a motion for summary judgment.

3

Medical Officer), Carl Balmir, M.D., Susan Cardosa (Physician's Assistant), Jeanette Jarrett, R.N., Carrie Adams, R.N., Debra Stewart, L.P.N., and Laura McPherson (Health Services Administrator) seek dismissal of the claims in Count V.  These Individual Medical Defendants argue that the claims as presently stated do not establish that the medical professionals were deliberately indifferent to Biddle's serious medical needs.  A claim for deliberate indifference has three components: a subjective knowledge of a risk of serious harm, disregard of that risk, and conduct that is more than mere negligence.  McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).  Defendants argue that Plaintiff has failed to allege subjective knowledge or conduct that is more than mere negligence – for example, the allegations against Defendant Mojica are that she required Biddle to submit his request for treatment on a correct form.  The Court will permit Plaintiff the opportunity to amend her complaint, as requested, to properly allege a claim under 42 U.S.C. § 1983.

    The Court finds that the allegations in Counts I, II, and IV are minimally sufficient as to the Department of Corrections and the officers, and the motions to dismiss are DENIED as to these Counts.[2]

    In summary, the Court GRANTS, in part, the motions to dismiss (Docket No. 33 and 34, joined by other Defendants as noted in Docket Nos. 45 and 59).  Counts III, V, and VI are DISMISSED, without prejudice.  The Court DENIES the motion to dismiss Counts I, II, and IV.  Plaintiff shall have one final opportunity to file an amended

---

[2]According to Fla. Stat. § 768.28, sovereign immunity is waived only if the state's officer acted in bad faith or with malicious purpose or with wanton and willful disregard, and pre-suit notice is required. Defendants argued that Plaintiff did not provide notice of the suit, pursuant to Fla. Stat. §768.28, but it appears that Plaintiff has done so, see Docket No. 39, Exhibits 1 and 2.

4

complaint, and shall do so no later than April 19, 2010.

## MOTION TO COMPEL

Plaintiff filed a motion to compel, asking that PHS be directed to provide more thorough answers to Plaintiff's requests for production as to the medical records of other prisoners and information relating to adverse incident reports. PHS notes that these records are privileged as they reflect communication between medical treatment providers and prisoners being treated by those providers. Plaintiff's argument that "Amendment 7" – which provides Florida patients with a state constitutional right to know about adverse medical incidents at health care facilities and health care providers – entitles her to discover the specific identities of the prisoners and their medical records. The Court disagrees. As noted by Defendant, the Florida Supreme Court has not extended this Amendment to reach the records of nursing homes and it appears that PHS, a contracted medical services provider for the Department of Corrections, would not be subject to these disclosure requirements. Fla. Stat. § 381.026 defines "health care facility" as a facility licensed under Chapter 395 of the Florida statutes, and a "health care provider" as a physician licensed under Chapter 458. PHS argues (and Plaintiff does not dispute) that PHS is not a facility and does not hold a license under chapter 395; moreover, the Court notes that PHS is not a physician, although it may have physicians, licensed under Chapter 458, as its employees. Having considered the question as to access to other prisoners' medical records, the Court finds that Plaintiff has not demonstrated that she is entitled to such records. All other aspects of the motion to compel appear to be moot, according to Defendant's response. Based on the

above, it is

    ORDERED AND ADJUDGED that the motion to compel be DENIED.

    DONE AND ORDERED in Chambers in Miami this 18th day of March 2010.

                                     */s/ Wm M Hoeveler*
                                     WILLIAM M. HOEVELER
                                     SENIOR UNITED STATES DISTRICT COURT JUDGE

copies to: counsel of record